792 So.2d 180 (2001)
STATE of Louisiana
v.
Penny PRICE.
No. 00-KA-1883.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 2001.
*181 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, James F. Scott, Assistant District Attorneys, Gretna, LA, Counsels for State.
Bruce G. Whittaker, New Orleans, LA, Counsel for appellant.
Court composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and CLARENCE E. McMANUS.
McMANUS, Judge.
On appeal, the Defendant challenges the sufficiency of the evidence for his theft conviction. For the reasons that follow, the conviction and sentence are affirmed.

STATEMENT OF THE CASE
Defendant, Penny Price, and co-Defendants Stacey L. Coleman[1] and Camalla M. Simeon, were charged with theft of goods valued between $100.00 and $500.00, in violation of LSA-R.S. 14:67.10. Defendant pled not guilty, and on July 25, 2000, the case proceeded to trail before a six-member *182 jury. The jury unanimously found the Defendant guilty as charged.
The trial court sentenced the Defendant to two years at hard labor, with credit for time served. On that same day, the State filed a multiple offender bill of information alleging that the Defendant was a third-felony offender. The Defendant was advised by the trial court of his rights, waived those rights, and admitted that he was a third-felony offender. The trial judge then vacated the Defendant's original sentence and sentenced him to four years at hard labor, without benefit of probation, parole, or suspension of sentence.

FACTS
On January 22, 2000, Detective Kevin Nichols of the Jefferson Parish Sheriffs Department was working a security detail at the Dillard's Department Store in the Oakwood Shopping Center. From the security office, he observed a black male later identified as co-Defendant Camalla Simeon, take two pairs of Guess jeans from the Guess section of Dillard's and leave the jeans on the floor of the Roundtree and York section of Dillard's. Later, Camalla Simeon returned to the Roundtree and York section with a plastic Dillard's bag, retrieved the jeans from the floor and placed them in the plastic bag.
After placing the jeans into the bag, Simeon approached the Defendant, who was standing near the cologne section of Dillard's, and spoke to him. According to Detective Nichols, from the Defendant's vantage point at the cologne counter, the Defendant was able to view Simeon in the Roundtree and York section. After the men spoke briefly at the cologne counter, they exited the store together. According to Detective Nichols, the two men walked passed several cash registers on their way to the exit without paying for the items that Simeon had in the bag.
Detective Nichols pursued the two men into the parking lot, where he saw them walking toward a white vehicle with its engine running and its lights on. Detective Nichols noticed the vehicle was not parked in one of the designated parking areas. Rather, the female driver, later identified as co-Defendant Stacey Coleman, appeared to be waiting in an area from which she could easily depart.
Detective Nichols identified himself as a police officer and called out to the men. The Defendant and Camalla Simeon looked back at him then fled toward the vehicle. After the two men entered the car, Detective Nichols drew his gun and ordered the driver to stop the vehicle. The driver ignored the officer's command and proceeded to drive away. After the officer moved out of the vehicle's path, the driver headed towards Wright Avenue. Detective Nichols unsuccessfully pursued the car on foot. However, he was able to obtain and broadcast the vehicle's license plate number and description.
Subsequently, an off-duty deputy spotted the vehicle on Behrman Highway and, after receiving assistance from other Jefferson Parish Sheriff's deputies, stopped the vehicle on Lapalco Boulevard. When Detective Nichols arrived at the scene of the arrest, he identified all three subjects and retrieved a bag containing two pairs of Guess jeans and two t-shirts from the backseat of the vehicle.
Detective Nichols testified at trial that the two pairs of jeans in the bag were the jeans that he had observed Simeon take from the Guess section of Dillard's and put into the bag. Detective Nichols did not see anyone place either t-shirt into the bag. He also admitted that he did not see either the Defendant or Stacey Coleman *183 carrying the bag of merchandise at any time.
Detective Nichols added that he remembered seeing the Defendant, Stacey Coleman and Camalla Simeon together in the store about 30 minutes before he saw Simeon putting the jeans into his Dillard's bag. Detective Nichols stated that there was no doubt in his mind that both men who exited that store saw and heard him command them to stop and also that the driver of the vehicle saw and heard him command her to stop the vehicle.
At trial, the defense stipulated that the value of the blue jeans was $159.00. The defense also presented the testimony of co-Defendant, Camalla Simeon. Camalla Simeon had already pleaded guilty to theft between $100.00 and $500.00 for stealing clothes from Dillard's. Simeon admitted that he had two prior convictions: auto theft and possession of stolen property. He also stated that he caught a bus from Algiers to Oakwood Shopping Center to steal and he happened to run into the Defendant at the mall and asked him for a ride back across the river to New Orleans.
He stated that he brought the plastic Dillard's bag that he used to shoplift with him to the store that day and admitted that he stole the two Guess shirts and two pairs of Guess jeans. Simeon stated that when he saw the Defendant, he did not tell the Defendant what he had in the bag or that he was stealing from Dillard's. He also claimed that he did not see or hear a Jefferson Parish Sheriff's deputy after he exited the store or in the parking lot as they drove away. Simeon explained that after he was arrested, he tried to tell the police that the Defendant and his sister were not involved in the theft.
Finally, co-Defendant Stacey Price Coleman testified for the defense. She stated that she and the Defendant went to Oakwood Mall to buy a pair of tennis shoes and a shirt for their nephew. The Defendant went into the mall to purchase the shoes and she went into Dillard's to buy the shirt.[2] After she bought the shirt, she returned to her car and drove to pick up her brother where she had dropped him off earlier.
After she picked him up, the Defendant said that he wanted to buy some Cologne at Dillard's so she drove him back to Dillard's. He went inside but she waited in the car because it was raining. After about ten minutes, the Defendant and another man that she did not know exited from Dillard's. Since it was raining, Stacey Coleman drove to pick the men up and they left the mall.
She stated that she did not see or hear a policeman in the parking lot. She also stated that her bag containing the t-shirt she purchased was in the back seat before the two men entered her car. She denied any knowledge that Simeon had stolen anything. She stated that after the police stopped her on Lapalco Boulevard, Simeon threw a bag with merchandise into the front seat. She also told the police that she had nothing to do with the theft. On cross-examination, she admitted that when she left the mall she took a circuitous route to her eventual destination, but it was the only route that she knew since she was not familiar with the Westbank.
On rebuttal, the State recalled Detective Nichols who stated that Simeon did not indicate that he was solely responsible for the theft after his arrest. In fact, Detective Nichols testified that while the Defendant *184 and Simeon were in the holding cell together, he heard the Defendant tell Simeon, "Go ahead and take the charge, man. I will get you out of jail."
Based on the testimony above, the six-member jury unanimously found the Defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, the Defendant claims that the evidence was insufficient to support a guilty verdict. The Defendant argues that the State did not prove beyond a reasonable doubt that he committed theft because (1) there is no proof that he possessed the stolen property; (2) there is no proof that he assisted Simeon in obtaining the property; (3) he did not drive the vehicle in which Simeon attempted to flee; (4) he denied any involvement in the crime; and (5) Simeon took full responsibility for the crime. The State responds that the evidence indicates the Defendant was a principal to the theft and the jury's decision was a reflection of its credibility determination.
In reviewing the sufficiency of the evidence, due process requires the reviewing court to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under Jackson, a review of a criminal conviction record for sufficiency of evidence does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Mussall, 523 So.2d 1305, 1309 (La.1988). Instead, a reviewing court is required to consider the whole record, and determine whether a rational trier of fact would have found the State proved the essential elements of the crime beyond a reasonable doubt. Id. at 1309.
In order for the Defendant's conviction to be upheld on appeal, the State must have proven the following essential elements beyond a reasonable doubt: (1) that the Defendant misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that the Defendant had the intent to deprive the owner permanently of that which was misappropriated or taken.[3] LSA-R.S. 14:67.10; State v. Monterroso, 96-376 (La.App. 5 Cir. 11/14/96), 685 So.2d 249, 251, writ denied, 96-2983 (La.5/1/97), 693 So.2d 743.
Here, the Defendant argues that he did not possess nor did he assist Simeon in obtaining and concealing the stolen property. He also denies any involvement in the crime and contends that he was exonerated when Simeon took full responsibility for the theft.
Detective Nichols testified that the Defendant, from his vantage point at the cologne counter in Dillard's, could witness Simeon's actions in the Roundtree and York section of the store as well as act as a lookout for Simeon. Further, Simeon, after concealing the clothing in his shopping bag, walked over to the Defendant and the two men immediately left the store. Finally, Detective Nichols testified that he remembered seeing the Defendant, Simeon and Coleman walking together in Dillard's about 30 minutes before the incident in question. These circumstances indicate that the Defendant is a principal to the offense.
LSA-R.S. 14:24 states:

*185 All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
This rule has important qualifications. Only those persons who knowingly participate in the planning or execution of a crime are principals. State v. Herrera, 98-677 (La.App. 5 Cir. 2/10/99), 729 So.2d 75, 77; State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427. Mere presence at the scene is therefore not enough to "concern" an individual in the crime.
Detective Nichols' testimony indicates that the Defendant and Simeon were in close contact about 30 minutes before Simeon shoplifted the jeans by concealing them in a Dillard's shopping bag. Further, Detective Nichols indicated that the two men briefly spoke before bypassing several cash registers, exiting the store, and fleeing from an approaching police officer. As a principal to the crime, the Defendant is culpable for his actions which aided and abetted Simeon in committing the theft. Further, even though Simeon took responsibility for the crime, the Defendant is not exonerated for his actions in aiding Simeon to commit the theft.
It is clear from the record that the jury made a credibility determination. We note that the credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. The credibility of witnesses will not be reweighed on appeal. Id. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of credibility of the witnesses, this is a matter of the weight of the evidence and not the sufficiency. State v. White, 472 So.2d 130, 132 (La.App. 5 Cir. 1985).
Based on the foregoing, we conclude that when viewed in a light most favorable to the prosecution, a rational trier of fact could have found that the State presented sufficient evidence to establish beyond a reasonable doubt that the Defendant was a principal to a theft.

ASSIGNMENT OF ERROR NUMBER TWO
The Defendant also assigns as error any errors patent. Upon review of the record, it is noted that the transcript and minute entry for Defendant's September 21, 2000, sentencing proceeding are inconsistent because the minute entry reflects that the trial judge informed the Defendant of the appropriate delays to apply for post-conviction relief but the transcript does not so reflect. When there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). It is also noted, however, that the trial judge did properly advise the Defendant of the appropriate delays for application for post-conviction relief when the trial judge vacated his original sentence and re-sentenced him as a third-felony offender. Accordingly, no corrective action is necessary.

CONCLUSION
We find that the evidence presented at trial is sufficient to support a verdict of guilty of theft. Accordingly, the Defendant's conviction is affirmed. Furthermore, although the trial court failed to advise the Defendant of the appropriate delays to apply for post-conviction relief, no corrective action is necessary to remedy this patent error because the Defendant *186 was advised of the appropriate delays when his original sentence was vacated and he was re-sentenced as a third-felony offender.
AFFIRMED.
NOTES
[1] Co-Defendant, Stacey L. Coleman, is the Defendant's sister. She was tried with the Defendant and found guilty as charged.
[2] A bag containing a pair of tennis shoes with a receipt for their purchase was found in the car.
[3] The state must also prove the value of the stolen property. However, at trial, the defense stipulated that the value of the blue jeans was $159.00.