824 So.2d 1124 (2002)
STATE of Louisiana
v.
Derek M. JACKSON.
No. 2000-K-3083.
Supreme Court of Louisiana.
March 15, 2002.
Rehearing Denied May 24, 2002.
*1125 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Donna R. Andrieu, Leslie P. Tullier, Valentin M. Solino, for Applicant.
Christopher A. Aberle, Mandeville, for Respondent.
PER CURIAM.
Acting on information from a reliable and confidential informant that "Derek," an African American male dressed in blue jeans and a striped shirt and listening to a walkman radio, was selling cocaine in the 600 block of Soraparu Street in New Orleans, Officers Ferrier and Henrick drove to that location in an unmarked police unit. As the officers turned from St. Thomas Street onto Soraparu and approached respondent, who matched the informant's description, he "walked fast" to the porch of a double house located at 620 Soraparu. The officers stopped, got out of their vehicle, and positioned themselves at the fence in front of the property where they identified themselves as police officers. Respondent appeared startled and "discreetly" dropped a packet containing nine rocks of cocaine from the porch to the ground. The officers retrieved the packet and placed respondent under arrest for possession of cocaine.
After the trial court denied respondent's motion to suppress the evidence, respondent entered a plea of guilty to possession of cocaine in violation of La.R.S. 40:967(C), reserving his right to appeal from the adverse ruling on the suppression issue. State v. Crosby, 338 So.2d 584 (La.1976). The trial court subsequently sentenced respondent as an habitual offender under La.R.S. 15:529.1 to eight years imprisonment at hard labor. On appeal, the Fourth Circuit set aside respondent's conviction and sentence on grounds that the trial court had erred in denying the motion to suppress. "In the absence of any suspicious conduct or corroboration of information from which the police could conclude that the informant's allegation of criminal activity was reliable," the court of appeal concluded, "we cannot find that the State met its burden to justify the stop." State v. Jackson, 99-2993, p. 8 (La.App.10/18/00), 772 So.2d 808, 811.
We granted the state's application to reverse the court of appeal because its ruling rests on the erroneous premise that a stop, or an imminent actual stop for purposes of Louisiana law, had occurred before respondent let his cocaine packet slip to the ground. At the hearing conducted on respondent's motion to suppress the evidence, Officer Ferrier acknowledged that he had intended to stop respondent to investigate the informant's tip, and that by positioning themselves at the fence in front of the property at 620 Soraparu, the officers had intentionally left respondent with no easy route of escape, although he could have jumped a fence to the adjacent property if he had been so inclined. Nevertheless, Officer Ferrier's testimony also made clear that the officers had not "chased" respondent to the porch or otherwise communicated their intent to stop him. He had walked there "briskly" of his own volition, and Officer Ferrier's description of respondent's "startled" appearance suggests that respondent did not *1126 realize he was in the presence of the police until the officers identified themselves.
However, by merely identifying themselves as the police, before they asked respondent any questions, drew their weapons, or otherwise asserted their official authority over him, the officers had not yet "seized" respondent when he discarded his cocaine packet. Because respondent had immobilized himself by his own actions, the appropriate question here is not whether a reasonable person would have felt free to leave but whether a reasonable person would have felt "free to decline the officers' requests or otherwise terminate the encounter." Florida v. Bostick, 501 U.S. 429, 436, 111 S.Ct. 2382, 2387, 115 L.Ed.2d 389 (1991). Because a police officer possesses the same right as any citizen to approach an individual and ask a few questions, Bostick, 501 U.S. at 434, 111 S.Ct. at 2386, State v. Duplessis, 391 So.2d 1116, 1118 (La.1980), the police do not seize a person merely by standing approximately 10 feet away and identifying themselves without taking any additional measures to assert their authority over the person that he or she would not expect from the encounter if it had occurred with an ordinary citizen. United States v. Cardoza, 129 F.3d 6, 16 (1st Cir.1997)("[T]hat few people ... would ever feel free to walk away from any police question" is not a basis for finding a seizure has occurred because "this reasoning [would] transform[] every police-citizen encounter into a seizure."); People v. Dickinson, 928 P.2d 1309, 1312 (Colo.1996) (Police officer's action "of merely approaching the vehicle and identifying himself as a police officer did not implicate the protections of the Fourth Amendment."); 4 Warren R. La-Fave, Search and Seizure, § 9.3(a), p. 101 (1996)("The critical factor is whether the policeman, even if making inquiries a private citizen would not, has otherwise conducted himself in a manner which would be perceived as a non-offensive contact if it occurred between two ordinary citizens.") (footnotes omitted). Informing an individual that he is a specific target of investigation "could induce a reasonable person to believe that failure to cooperate would lead only to formal detention." United States v. Berry, 670 F.2d 583, 597 (5th Cir.1982); cf. United States v. Glass, 128 F.3d 1398, 1407 (10th Cir.1997) ("Although particularized focus is certainly a factor to be considered, [a] per se rule ... would be inconsistent with our precedent."). However, the encounter in the present case had not yet reached the point at which the officers communicated their suspicions when respondent let slip his cocaine packet. See United States v. Mendenhall, 446 U.S. 544, 554, n. 6, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980) (Stewart, J.) (subjective intent of the police officer to detain an individual relevant only to the extent "that [it] may have been conveyed" to the person). Nor, at that point, had the encounter turned into an "imminent actual stop" for purposes of Louisiana law. The officers had not yet used any force, much less come upon respondent "with such force that, regardless of [his] attempts to flee or elude the encounter, an actual stop.... [was] virtually certain ...." State v. Tucker, 626 So.2d 707, 712 (La.1993).
When an individual "abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen's right to be free from governmental interference, then such property may be lawfully seized and used against the citizen in a resulting prosecution." Tucker, 626 So.2d at 710. Because respondent discarded his cocaine packet before, rather than after, the officers acted to effectuate their subjective intent to stop him on the basis of their informant's tip, the officers legally seized the evidence and placed respondent under *1127 arrest. The decision of the Fourth Circuit is therefore reversed, the ruling of the trial court on the motion to suppress is reinstated, as are respondent's conviction and sentence, and this case is remanded to the district court for execution of sentence.
JUDGMENT OF COURT OF APPEAL REVERSED; CONVICTION AND SENTENCE REINSTATED; CASE REMANDED.
JOHNSON, J., dissents.