847 So.2d 1197 (2003)
STATE of Louisiana
v.
John R. DECREVEL.
No. 2003-K-0259.
Supreme Court of Louisiana.
May 16, 2003.
PER CURIAM.
Granted in part. The court of appeal had the authority on its own motion to correct the sentence imposed by directing the court to add the mandatory fine of $5000 required by R.S. 14:98(E)(1)(a). See State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790; see also State v. Clemons, 01-1032 (La.App. 5th Cir.2/26/02), 811 So.2d 1047, writ denied 02-0866 (La.11/22/02), 834 So.2d 972. However, the court of appeal erred in further directing the trial court to require that all of the 12-year term of imprisonment at hard labor must run without benefit of parole, probation, or suspension of sentence. Because the defendant entered his guilty plea to fourth offense D.W.I. after the effective date of 2001 La. Acts 1163, he is entitled to the benefit of the ameliorative changes in *1198 the law with respect to sentencing under R.S. 14:98(E)(1), including suspension of all but 60 days of the sentence imposed. See State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. The defendant's sentence is therefore vacated, and this case is remanded to the trial court for resentencing in accord with the applicable law.
CALOGERO, C.J., concurs in part and dissents in part for the reasons assigned by Justice WEIMER.
JOHNSON, J., dissents.
WEIMER, J., concurs in part and dissents in part and assigns reasons.
WEIMER, J., concurring in part and dissenting in part.
Although I agree the defendant is entitled to the benefit of the ameliorative changes in the law with respect to sentencing under LSA-R.S. 14:98(E)(1),[1] I would grant the writ regarding whether the court of appeal can correct the fine imposed where the State has not raised that issue on appeal. See State v. Phillips, 02-0866, 02-0918 (La.11/22/02), 834 So.2d 972, Chief Justice Calogero dissenting from the denial of the writ, voting to grant the writ and assigning reasons.
NOTES
[1] See State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526.