889 So.2d 1146 (2004)
STATE of Louisiana
v.
Sheldon I. ELLINGTON.
No. 04-KA-654.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
*1147 James A. Williams, Butch Wilson, Gretna, LA, for Defendant/Appellant, Sheldon Ellington.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long (Appellate Counsel), Paige Cline (Trial Counsel), Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee, State of Louisiana.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Sheldon Ellington appeals his convictions of possession of a firearm by a convicted felon and possession of cocaine with intent to distribute. We affirm.
On October 10, 2002, the Jefferson Parish District Attorney filed a bill of information charging defendant, Sheldon Ellington, with one count of possession of a firearm by a convicted felon, La.R.S. 14:95.1; and one count of possession of cocaine with intent to distribute, La.R.S. 40:967(A). Defendant was arraigned on October 15, 2002, and pleaded not guilty to both charges.
Defendant filed various pre-trial motions, including a Motion to Suppress the Evidence. The court heard and denied that motion on February 19, 2003.
On September 29, 2003, defendant withdrew his pleas of not guilty, and entered guilty pleas on both counts. Defendant *1148 reserved his right to appeal the trial court's denial of his Motion to Suppress the Evidence under State v. Crosby, 338 So.2d 584 (La.1976).
On the same day, the State filed a habitual offender bill of information, alleging defendant to be a second-felony offender. In accordance with a plea agreement, defendant admitted to the allegations in the habitual offender bill. On that day, the trial court imposed an enhanced sentence of fifteen years at hard labor for possession of cocaine with intent to distribute (Count 2). As to the charge of possession of a firearm by a convicted felon (Count 1), the court sentenced defendant to fifteen years at hard labor. The court ordered that the sentences run concurrently to each other. Defendant filed a timely motion for appeal.

FACTS
The facts surrounding defendant's arrest are found in testimony from the hearing on defendant's Motion to Suppress the Evidence. Sergeant Todd Vignes, a narcotics officer with the Jefferson Parish Sheriff's Office, testified that he received information from a reliable informant that defendant, Sheldon Ellington, was trafficking in narcotics. The informant told Vignes that defendant would be selling drugs at Danny & Clyde's Food Store (Danny & Clyde's) on Manhattan Boulevard in Harvey. The informant gave Vignes a description of defendant's car and clothing.
Vignes instructed narcotics agents Richard Valley and Robert Blackwell to conduct surveillance at Danny & Clyde's, and gave them the description he had received from the informant. Agent Valley testified that he and Blackwell saw defendant at the store, and that he met the description given by the informant. On instruction from Vignes, they approached defendant and identified themselves as police officers. Valley testified that defendant immediately dropped a clear plastic bag containing four off-white rocks. Valley seized the bag. Blackwell testified that he and Valley field tested the rocks, and they were positive for cocaine.
Agent Valley detained defendant and advised him of his Miranda[1] rights. Valley explained to defendant that he was under arrest for possession of the cocaine he had discarded, and asked defendant for permission to search his car. Defendant gave his verbal consent to a search, and handed Valley the car keys. Blackwell testified that he, along with agents Caraci, Warren and Bujol, searched defendant's car. In a compartment in the car's convertible top, the officers found a clear plastic bag with fifty-eight grams of off-white rock-like objects. A small amount of marijuana was recovered from the car's ashtray, and an automatic handgun was found under the rear passenger seat.
Vignes testified that he arrived at the scene about five minutes after defendant was detained. He was present when defendant's car was searched. He testified that the cocaine found in the car was packaged in three different ways. One of the packages was similar to the plastic bag defendant abandoned.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant asserts the trial court erred by denying his Motion to Suppress Evidence. Defendant argues that the cocaine he discarded should have been suppressed, as it was the product of an unlawful investigatory stop.
The Fourth Amendment to the United States Constitution and Article I, § V of the Louisiana Constitution protect individuals from unreasonable searches *1149 and seizures. However, law enforcement officers are authorized by La.C.Cr.P. art. 215.1, as well as by state and federal jurisprudence, to stop and interrogate persons whom they reasonably suspect of engaging in criminal activity. State v. Belton, 441 So.2d 1195, 1198 (1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
"Reasonable suspicion" is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Sanders, 97-892, p. 11 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774.
When an individual abandons property without any prior unlawful intrusion into the person's right to be free from governmental interference, that property may be lawfully seized and used in a resulting prosecution. State v. Jackson, 00-3083, p. 4 (La.3/15/02), 824 So.2d 1124, 1126 (per curiam). An individual is not "seized" within the meaning of the Fourth Amendment until that individual either submits to a police show of authority or is physically contacted by police. California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991).
The Louisiana Supreme Court adopted the Hodari D. definition of an "actual stop" in State v. Tucker, 626 So.2d 707, 712 (La.1993). Because the Louisiana Constitution affords greater protection than does the federal constitution, a "seizure" also occurs when an "actual stop" of the individual is "imminent." State v. Tucker, supra.
The Tucker court explained, "It is only when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain, that an `actual stop' of the individual is `imminent.'" (Emphasis in original.) Id.
Factors to consider in determining whether an actual stop is imminent include the following:
(1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. [Footnotes omitted.]
State v. Tucker, 626 So.2d at 712-713.
Defendant argues the officers did not have reasonable suspicion for an investigatory stop, because they did not observe any criminal behavior on his part. He further asserts that the confidential informant's tip was not sufficient to establish reasonable suspicion. Defendant contends that the officers unlawfully seized the first plastic bag, as he discarded it after he was subjected to an actual stop. Lastly, defendant argues that the evidence seized from the car should have been suppressed, as his consent to search was tainted by the illegal stop. The State responds that the officers made a valid stop with reasonable suspicion based on reliable information from the confidential informant.
Agent Valley testified that he and Agent Blackwell conducted surveillance on the Danny & Clyde's store from across the street. The officers were in plainclothes. When they saw defendant go into the store, they drove to the store's parking lot. *1150 When defendant exited the store, Valley showed defendant his police identification and identified himself as an officer. Valley and Blackwell both testified that defendant immediately dropped a clear plastic bag containing off-white rocks.
The officers' actions did not constitute an actual or imminent stop. Only two officers approached defendant. There was no testimony to indicate that they had their guns drawn, or that they behaved in a threatening or forceful manner. The officers did not attempt any physical contact. When they approached defendant, the officers did not tell him they suspected him of possessing and/or selling narcotics. They simply identified themselves.
The facts in the instant case are nearly identical to those considered by the Louisiana Supreme Court in State v. Jackson, supra. In that case, officers received information from a reliable and confidential informant that an African-American man wearing blue jeans and a striped shirt and listening to a Walkman radio was selling cocaine at a particular location. The officers proceeded to that location and saw the defendant, who fit the informant's description. The defendant appeared startled, and dropped a packet containing nine rocks of cocaine to the ground. The officers seized the packet and placed the defendant under arrest.
The trial court denied the defendant's motion to suppress the evidence, and the defendant entered a guilty plea under State v. Crosby, supra. On appeal, the Fourth Circuit set aside the defendant's conviction and sentence, finding that the officers observed no suspicious conduct from which they could conclude that the informant's allegation of criminal activity was reliable.
The supreme court reversed the Fourth Circuit's holding. The court reasoned that the officers did not "seize" the defendant by merely approaching him and identifying themselves. The court stated, in pertinent part:
Because a police officer possesses the same right as any citizen to approach an individual and ask a few questions, ... the police do not seize a person merely by standing approximately 10 feet away and identifying themselves without taking any additional measures to assert their authority over the person that he or she would not expect from the encounter if it had occurred with an ordinary citizen.... [Citations omitted.]
Jackson, 00-3083 at p. 3, 824 So.2d at 1126.
Because defendant, in this case, abandoned the plastic bag and its contents prior to any seizure of his person, the officers were entitled to seize the evidence. Defendant's Fourth Amendment rights were not violated. The seizure of the abandoned bag did not taint the subsequent search of the car, which was based on defendant's valid consent.
Considering the foregoing, we need not reach the issues of reasonable suspicion and reliability of the confidential informant. In any case, defendant's arguments on those issues have no merit.
Accordingly, the trial court properly denied defendant's motion to suppress the evidence.
Finally, we find no patent errors that require correction.[2]
*1151 For the foregoing reasons, the defendant's convictions are affirmed.
AFFIRMED
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] The sentences are illegally lenient in three respects: First, as to Count 1 the trial judge failed to order that defendant's sentence be served without benefit of parole, probation, or suspension of sentence, as required by La.R.S. 14:95.1(B). No corrective action is necessary; under the provisions of La.R.S. 15:301.1, the sentences are deemed to contain that restriction. Second, the judge failed to impose the mandatory fine of between one thousand and five thousand dollars as to Count 1. La.R.S. 14:95.1(B). The State did not object at the time of sentencing and has not appealed the error, although it notes the error in its brief on appeal. It is, thus, within this Court's discretion to remand for imposition of a fine, but we decline to do so. La.C.Cr.P. art. 882; State v. Decrevel, 03-0259 (La.5/16/03), 847 So.2d 1197 (per curiam); State v. Washington, 03-1135, pp. 17-18 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 984-985. Third, the trial court erred in failing to order that the habitual offender sentence on Count 2 be served without benefit of parole, probation, or suspension of sentence, as required by La.R.S. 40:967(B)(4)(b) and La.R.S. 15:529.1(G). As with the sentence on Count 1, no corrective action is necessary, because the sentences are deemed to contain that restriction under the provisions of La.R.S. 15:301.1.