945 So.2d 749 (2006)
STATE of Louisiana
v.
Jernell PAYNE.
No. 06-KA-378.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Churita H. Hansell, Assistant District *750 Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Jernell Payne, was convicted of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1[1], and was sentenced to eleven years at hard labor with the first ten years being served without the benefit of parole, probation, or suspension of sentence. Defendant appeals from his conviction and sentence.

FACTS
On April 3, 2004, Deputy Joseph Chaisson with the Jefferson Parish Sheriff's Office was on patrol in Marrero near the Villa D'Ames apartment complex, a high crime area consisting of approximately thirteen buildings, when he noticed a group of men standing between the fence and Building One. He noted that every time he passed the complex on Ames Blvd. in his marked patrol car, the men ran into the complex between the buildings. Deputy Chaisson testified that he observed the men engage in hand-to-hand transactions where something was exchanged. Although he could not see the matter being exchanged, he stated the transactions appeared similar to drug transactions.
Deputy Chaisson called for a back-up unit to enter the complex from the Silver Lily side. As Deputy Chaisson passed the complex once more on Ames Blvd., the group of men again ran into the complex at which time Deputy Chaisson lost sight of them. Deputy Varmall, one of the responding back-up officers who had entered the complex from the opposite side, saw several men run when Deputy Chaisson pulled up to the complex. Deputy Varmall testified he observed defendant running from Deputy Chaisson. He then saw defendant withdraw a black handgun from his waistband and throw it on the ground. Deputy Varmall pursued defendant and apprehended him. He subsequently retrieved the handgun which was loaded.
At trial, defendant offered the testimony of Cassandra Harrell, who testified that a second man, matching the defendant's clothing description, also ran from the police. She admitted however, that she was not present when defendant was arrested, and therefore she did not know whether or not defendant had a gun at the time of his arrest.

ASSIGNMENT OF ERROR
In this appeal, the defendant argues there was insufficient evidence to convict him of possession of a firearm by a convicted felon. He contends the State failed to prove his identity as the perpetrator of the offense.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). A reviewing court is required to consider the whole record and determine whether a *751 rational trier of fact could have found defendant guilty beyond a reasonable doubt. State v. Price, 00-1883 (La.App. 5 Cir. 7/30/01), 792 So.2d 180, 184.
The elements of possession of a firearm by a convicted felon are (1) possession of a firearm, (2) conviction of an enumerated felony, and (3) absence of the ten-year statutory period of limitation. LSA-R.S. 14:95.1; State v. East, 99-1379 (La. App. 5 Cir. 7/25/00), 768 So.2d 173, 177, writ denied, 01-3025 (La. 10/25/02), 827 So.2d 1167. In addition to proving the statutory elements of the charged offense at trial, the State is required to prove defendant's identity as the perpetrator. State v. Ingram, 04-551 (La.App. 5 Cir. 10/26/04), 888 So.2d 923, 926. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Id. Positive identification by only one witness is sufficient to support a conviction. State v. Weaver, 05-169 (La. App. 5 Cir. 11/29/05), 917 So.2d 600, 608.
Defendant does not argue that the State failed to establish any of the essential statutory elements of his conviction but rather contends the State failed to prove beyond a reasonable doubt his identity as the offender.[2] To prove identity, the State presented the testimony of Deputy Russell Varmall. Deputy Varmall testified he saw defendant running from Deputy Chaisson. He stated he saw defendant withdraw a black handgun from his waistband and throw it down. Thereafter, Deputy Varmall chased defendant between fifty and two hundred yards and apprehended him. Deputy Varmall stated he never lost sight of defendant after he discarded the gun.
Defendant argues Deputy Varmall was inconsistent in describing the perpetrator's clothing. On direct examination, Deputy Varmall testified the perpetrator was wearing a white t-shirt with blue or dark pants. On cross-examination, defense counsel asked Deputy Varmall whether he remembered testifying at the motion to suppress hearing that he saw a black male with a white t-shirt and black jeans. Deputy Varmall affirmatively responded.
Defendant seems to suggest that the difference between blue and black jeans is critical in the identification of the perpetrator because several black men were seen in the area at the time the weapon was discarded, including one who matched the defendant's clothing description. On cross examination, Deputy Varmall admitted he saw several black men running through the complex. However, Deputy Varmall clearly testified that he saw defendant discard the gun and never lost sight of him before apprehending him. Although defendant presented evidence of another black male running through the complex wearing similar clothing, namely a white t-shirt and black jeans, such evidence did not negate Deputy Varmall's testimony identifying defendant as the perpetrator.
The credibility of a witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. East, 99-1379 (La.App. 5 Cir. 7/25/00), 768 So.2d 173, 177, writ denied, *752 01-3025 (La. 10/25/02), 827 So.2d 1167. The jury heard all the evidence and clearly found Deputy Varmall to be credible. The jury accepted Deputy Varmall's testimony that he saw defendant discard the gun and never lost sight of him prior to apprehending him.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the defendant was in possession of the firearm, and therefore guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. We find the defendant's allegation that the evidence was insufficient to convict him to be without merit.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990), and find none which require correction[3].
For the above discussed reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant's first trial, commenced on March 30, 2005 ended in a mistrial after the jury failed to reach a verdict. Defendant's conviction was obtained at trial commenced on May 24, 2005, after a twelve person jury found him guilty by a vote of eleven to one.
[2] Because the defendant does not challenge the State's proof of the essential statutory elements of his conviction, the sufficiency of the evidence with respect to the statutory elements of possession of a firearm by a convicted felon is not addressed. See, State v. King, 05-553 (La.App. 5 Cir. 1/31/06), 922 So.2d 1207, 1212; State v. Joseph, 03-1445 (La.App. 5 Cir. 5/26/04), 875 So.2d 1011, 1013.
[3] Defendant's sentence is illegally lenient in two respects. First, the trial judge failed to impose the mandatory fine under LSA-R.S. 14:95.1 of between one thousand and five thousand dollars. The State did not object at the time of sentencing and has not appealed the error, although it notes the error in its brief of appeal. It is within this Court's discretion to remand for imposition of a fine, but we decline to do so. LSA-C.Cr.P. art. 882; State v. Decrevel, 03-0259 (La. 5/16/03), 847 So.2d 1197 (per curiam); State v. Ellington, 04-654 (La.App. 5 Cir. 11/30/04), 889 So.2d 1146, 1150, footnote 2.

Second, the trial judge only imposed the first ten years of defendant's eleven-year sentence without benefits. LSA-R.S. 14:95.1 requires that the entire sentence be without benefit of parole, probation, or suspension of sentence. No corrective action is required as the entirety of defendant's sentence is deemed to contain the restrictions set forth in the applicable statute. LSA-R.S. 15:301. State v. Ellington, supra, at 1150, footnote 2.