EDWIN A. LOMBARD, Judge.
h The defendant/appellant, Alan B. Smith, Jr., appeals his conviction for attempted possession of heroin, arguing that the trial court erred in denying his motion to suppress the evidence. After review of the record in light of the applicable law and arguments by the parties, we affirm the defendant’s conviction and sentence.

Relevant Facts

On May 31, 2004, members of the New Orleans Police Department (“NOPD”) narcotics unit of the Sixth District were dispatched in three vehicles, one of which was a marked unit, to execute a search warrant for a residence located at 3318 South Roman Street. As the caravan of vehicles approached the residence, turning onto South Roman Street from Toledano Street, Officer Bryant Louis, the passenger in the lead vehicle (an unmarked Ford Taurus), observed the defendant approach a gray Acura which was parked on South Roman Street facing a westerly direction and then heard -an unknown subject call out “head’s up.” Moments later, the Acura sped off, spinning its tires, leaving the defendant looking startled and standing in the middle of the street. The defendant subsequently observed the approach of police officers and discreetly opened his right hand, 12releasing two objects which fell to the ground. As the vehicle carrying Officer Louis pulled up along side the defendant, Officer Louis observed that the objects dropped by the defendant were two capsules. Based upon his experience, Officer Louis believed the capsules to contain heroin and, accordingly, he detained the defendant and recovered the two capsules. Following a search incident to arrest, Officer Louis recovered $352 from the defendant’s right rear pocket and subsequent testing revealed that one of the capsules contained heroin.
After being charged by bill of information with possession of heroin on July 28, 2004, the defendant pleaded not guilty and moved to suppress the evidence. The defendant’s motion was denied and the trial court found probable cause for attempted possession of heroin. The defendant waived his right to trial by jury and elected trial by judge. The defendant was found guilty of attempted possession of heroin and, after a waiver of all delays, sentenced to three years in the custody of the Department of Corrections.

Discussion

On appeal, the defendant’s sole assignment of error is that the trial court erred in denying the motion to suppress evidence. The defendant, who testified on his own behalf at the motion hearing and at trial, alleges that just prior to his arrest he arrived at the residence on South Roman Street with three or four pounds of crawfish and that when the police appeared they immediately ran to the house, ordered him to the ground, handcuffed him, and then arrested him. Accordingly, the defendant argues that the evidence *247 was illegally seized as the result of an “imminent actual stop.”
Pursuant to State v. Tucker, 626 So.2d 707, 712 (La.1993), opinion reinstated on reh’g, 626 So.2d 720 (1993) an actual stop or seizure for [.-¡constitutional purposes occurs when an individual submits to a police show of authority or when he is physically contacted by the police, ie, police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain and therefore an actual stop’of the individual is imminent. Tucker, 626 So.2d at 712. To determine whether the police used force that was “virtually certain” to result in an “actual stop” of the individual, the court may consider: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual had been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual were on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. Tucker, 626 So.2d. at 712-713.
Whether an imminent actual stop has occurred has been the focus of several reported decisions by this court and the Louisiana Supreme Court. In State v. Johnson, 01-2436 (La.1/25/02), 806 So.2d 647, the trial court held that an actual imminent stop had occurred when two police officers in an unmarked car pulled up four feet from where the defendant was standing. In concluding that an actual stop was not imminent, the Court focused on the fact that the officers had not “attempted to assert an official authority over him by ordering or signaling him to stop” before he threw down the contraband. Johnson, 806 So.2d, 647, 648.
Likewise, in State v. Jackson, 00-3083 (La.3/15/02), 824 So.2d 1124, the Louisiana Supreme Court held that an actual stop was not imminent when defendant dropped crack cocaine as two officers exited their unmarked police car, approached defendant, and identified themselves as the police. The court | ¿recognized that, even though the officers had positioned themselves in such a manner that “intentionally left respondent with no easy route of escape,” the officers had not chased the defendant or otherwise communicated their intent to stop him.[1] Jackson, 00-3083, p. 2, 824 So.2d 1124,1125.
Again, in State v. [Joseph] Jackson, 2001-1062 (La.App. 4 Cir. 2/13/02), 812 So.2d 139, three officers, driving in one vehicle down a one-way street with parked cars on both sides, approached a group of men loitering on the steps of an abandoned building. As they approached, the officers observed the defendant separate himself from the group of young men and throw something over a fence before returning to the group. The officers secured all the men and subsequently retrieved the discarded contraband. This court found that the object was discarded by the defendant without police interference, and therefore, the defendant had no expectation of privacy and the contraband was lawfully seized.
Finally, in State v. Wilson, 2002-0776 (La.App. 4 Cir. 1/22/03), 839 So.2d 206, three officers, patrolling a housing complex in response to numerous complaints about narcotics activity, formulated a plan whereby they approached anyone they ob *248 served from different directions in order to prevent them from running away. After observing the defendant standing on a poorly lit porch of an apartment building, two officers drove their vehicle to within fifteen or twenty feet of the porch and illuminated the area with their spotlight and the third officer approached the defendant on foot from the side. After the spotlight was illuminated, the defendant moved to the side of the porch and discarded a ziplock bag containing crack cocaine. This court held that at the time the defendant | .^discarded the contraband there had been no prior unlawful intrusion into his right to be free from governmental interference. Moreover, noting that the officers did not brandish weapons or come upon the defendant with a show of force, the court found that an actual stop was not imminent.
In this case, the defendant argues that the “show of force” approach adopted by the police would have caused any bystander to think that his arrest was imminent. Accordingly, the defendant contends his abandonment of the contraband was triggered by the officers improper approach. In addition, the defendant asserts that Officer Louis[2] focused exclusively on him, despite the lack of any reasonable suspicion of wrongdoing by the defendant, and allowed the Acura to drive off.
After reviewing the record and arguments of the parties in light of the applicable law and relevant case law, it is clear that the defendant had not been unconstitutionally seized under that actual imminent stop doctrine at the time he discarded the heroin. The testimony does not indicate that the officers attempted to assert any official authority over the defendant by ordering or signaling him to stop before he threw down the contraband. No weapons were drawn. The defendant was not surrounded. No officer exited his vehicle prior to the defendant discarding the contraband. Indeed, the vehicles had not yet stopped when the defendant dropped the heroin. Moreover, the officers were on a public street with a valid search warrant for the property adjacent to the defendant’s location. Contrary to the defendant’s assertion, there is nothing to indicate that the officer targeted the defendant. It was the defendant’s presence at the suspect location coupled with the ^suspicious departure of the Acura that prompted the Officer Louis’s interest in him. Accordingly, the officers’ actions did not constitute either an actual or an imminent actual stop and the defendant abandoned the heroin prior to any unlawful intrusion into his right to be left alone from governmental interference. Therefore, the capsules containing the heroin were lawfully seized and, once the heroin was found, the officers had probable cause to arrest the defendant and, incident to this arrest, the search of the defendant and discovery of the money in his pocket was lawful.

Conclusion

For the foregoing reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. The officers positioned themselves at the fence in the front of the property, where the defendant was standing on the porch.

. Although the defendant refers to the officer as "Lewis” In his brief, the record indicates that the police officer spells his name as "Louis.”