Fredericka Homberg Wicker, Judge.
| gDefendant, Raymond Martin, appeals his conviction and sentence as a second felony offender in violation of La. R.S. 15:529.1. Defendant’s appointed counsel has filed an appellate brief pursuant to Anders v. California[1] and has further filed a motion to withdraw as counsel of record. For the following reasons, we affirm defendant’s conviction and sentence and grant counsel’s motion to withdraw.

STATEMENT OF THE CASE

On July 12, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant, Raymond Martin, with possession with intent to distribute *1235 marijuana in violation of La. R.S. 40:966 A. On July 13, 2012, at his arraignment, defendant pled not guilty. Defendant eventually entered into a plea agreement and, in exchange for his-plea of guilty as charged, was sentenced to fifteen years imprisonment at hard labor, to run. concurrently with any |3misdemeanor sentences imposed in-Twenty-Fourth- Judicial District Court case number 12-3699 and any sentence defendant was serving. Pursuant to the plea agreement, defendant stipulated to a multiple offender bill of information alleging that defendant was a second felony offender, in violation of La. R.S. 15:529.1. The trial judge vacated the original sentence and resentenced defendant under the multiple offender statute to fifteen years imprisonment at hard labor, to run concurrently.with any,misdemeanor sentences imposed in case number .12-3699 and any other sentence defendant was serving. On June 8, 2015, defendant filed a letter-with the trial court seeking an out-of-time appeal. On July 22, 2015, the trial court granted defendant’s motion for an out-of-time appeal and appointed the Louisiana Appellate Project to represent defendant in this appeal.

FACTS

Defendant pled guilty without proceeding to trial, but stipulated to the following factual basis during his guilty plea colloquy:
Raymond Martin, committed the crime of possession with the intent to distribute' marijuana.' On June 13, 2012 Officers, Detectives Marcus Borne and Paul Ducre spotted the defendant driving his car near the Betty Street Projects on Julie Street in Marrero, here. .in Jefferson Parish. His Buick LaSabre had dark tinted windows and the police officers pulled him over to conduct a traffic stop. As they tested those windows by rolling the window down they smelled a strong- odor of marijuana. They at that point advised Mr. Martin of his rights and following a struggle in which they put him in handcuffs,, they searched the , car and found several plastic baggies containing individually, wrapped quantities of marijuana, a black digital scale, other plastic baggies and other quantities of marijuana totaling 524 grams of marijuana total.

DISCUSSION

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), defendant’s appointed, appellate counsel has, filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per Lcuriam), asserting that he has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed' appellate counsel may request permission to withdraw if he finds the case to be wholly frivolous after a conscientious examination of it. In State v. Jyles, the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the-trial court, subject to the contemporaneous . objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, 704 So.2d at 241.
An appellate court must conduct an independent review of the trial court *1236 record to determine whether the appeal is wholly frivolous. “When counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure that the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court' provides a basis for appeal.” ‘ State v. Dufrene, 07-823 (La.App. 5 Cir. 2/19/08), 980 So.2d 81, 33. If, after an independent review, the reviewing court determines there are no nonfrivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, 'it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court; or grant the motion and appoint substitute appellate counsel. Id,
In this case, appointed appellate counsel’s brief demonstrates that after a detailed review of the record, he or she could find no non-frivolous issues to raise Ron appeal. The State agrees and urges this Court to grant defense counsel’s request to withdraw as counsel of record.
 An independent review of. the record supports counsel’s assertion that there are no non-frivolous issues for appeal. First, the bills of information filed properly charged defendant with possession with intent to'distribute marijuana in violation of La. R.S. 40:966 A. As required, the bills of information clearly, concisely, and definitely state the essential facts constituting the offenses charged and sufficiently identity defendant and - the crimes charged. See La.C.Cr.P. arts. 464-66. Second, the minute entries and commitment. reflect that defendant appeared at each stage of the proceedings against him, including his- arraignment, his guilty plea proceedings, and sentencing.[2]
Further, defendant’s guilty plea agreement does not present any issues for appeal. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post-conviction relief.--" State v. Wingerter, 06-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A 'guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[3] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
The record reflects that defendant was advised of his rights and that he knowingly and voluntarily waived those rights. Defendant was advised of his right | fito a jury trial, his right to confrontation, and his privilege against self-incrimination, as required. by Boykin v. Alabama, supra. De *1237 fendant was advised of these rights by-means of the waiver of rights form, which he signed, and during the colloquy with the trial judge.
The record reflects that defendant was aware of the nature of the charge against him. First, the bill of information filed properly charged defendant with possession with intent to distribute marijuana in violation of La. R.S. 40:966 A. As required, the bill of information clearly, concisely, and definitely states the essential facts constituting the offense charged and sufficiently identifies defendant and the crime charged. See La.C.Cr.P. arts. 464-466. Second, the transcript from the guilty plea proceeding further reflects that defendant was advised of the nature of the charge against him. The transcript reflects that, prior to accepting the guilty plea, the trial judge asked defendant if he agreed to the factual basis for the plea provided by the state, to which he responded affirmatively. Further, during the guilty plea colloquy, the trial judge asked defendant if he understood the nature of the charge against him, to which he responded affirmatively.
Our review of the record also reveals no constitutional infirmity in defendant’s multiple offender stipulation. Defendant signed a “Waiver of Rights” form wherein the defendant acknowledged that he was stipulating to the attached multiple offender bill of information charging him as a second felony offender under La. R.S. 15:529.1(A)(l)(a)., The waiver of rights form advised defendant of the sentencing range applicable to the offense, and the sentence he would receive pursuant to the agreement. • ,
During the colloquy regarding the multiple offender plea, defendant acknowledged signing the waiver of rights form.- The waiver of rights form- ^notified defendant that by entering a plea of guilty to the multiple offender charge 17he was giving up the- right to plead not guilty to the chárge and the right to have a hearing and force the District Attorney to prove: that he was the same individual .who had the prior felony conviction, that the time period between the completion of the sentence for the listed prior felony and the date of the crime for which he has been convicted is ten years or less, and that, if any prior conviction was the result of a guilty plea, that he was properly advised of his rights at the time of his guilty plea. Defendant also indicated during the colloquy that his attorney had explained to- him that by signing the waiver of rights form he gave up those rights.
The record reflects that defendant was sentenced in conformity with the plea agreement and further that defendant’s sentences fall within the prescribed statutory sentencing ranges. See La. R.S. 40:966(B)(3); La. R.S. 15:529.1(A)(1).-

ERRORS PATENT

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990)‘ regardless of whether defendant makes such a request. The record presents the following errors patent:
First, the transcript from defendant’s original sentencing does not reflect that the trial court imposed the mandatory fine. However, the trial .court vacated the original sentence imposed in connection with La. R.S.40:966' and properly resen-teneed-defendant pursuant to the habitual offender statute, La. R.S. 15:529,1. Since *1238 La. R.S. 15:529.1 does not authorize a fíne, no corrective action is required. See State v. Robinson, 11-12 (La.App. 5 Cir. 12/29/11), 87 So.3d 881, 912, writs denied, 12-279 (La.6/15/12), 90 So.3d 1059 and 14-1113 (La.4/2/15), 162 So.3d 394.
18FinaIly, there is no indication in the record that the trial judge imposed the enhanced sentence without benefit of probation dr suspension of sentence as required under La. R.S. 15:529.1(C). However, under La. R.S. 15:301.1, the sentence is' deemed to contain that restriction.' Therefore, no corrective action is necessary. See State v. Ellington, 04-654 (La.App. 5 Cir. 11/30/04), 889 So.2d 1146, 1150, n. 2.

CONCLUSION

Accordingly, for the reasons provided herein, defendant’s conviction and sentence is affirmed and appellate counsel’s motion to "withdraw as attorney of record is hereby granted.

CONVICTION AND SENTENCE AFFIRMED: MOTION TO WITHDRAW GRANTED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Defendant also appeared before the court for a pre-trial hearing on a motion to suppress, which the trial court denied. Defendant did not reserve the right to appeal that ruling pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and, thus, that ruling is not at issue in this appeal.'

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).