892 So.2d 45 (2004)
STATE of Louisiana
v.
Shannon G. BROWN.
No. 04-KA-882.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 2004.
*46 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, *47 Margaret Hay, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The defendant, Shannon Brown, has appealed his convictions on two counts of possession of illegal narcotics. For the reasons that follow, we affirm the convictions.

FACTS:
Agent William Meetze testified that he is assigned to the Jefferson Parish Sheriff's Office Narcotics Division. On June 26, 2002, he received information that two black men in an orange or rust-colored Ford Thunderbird would be going to the Siesta Motel in Marrero with crack cocaine and a large sum of money. One of the men was described as wearing an "afro" hairstyle, and the other wore his hair in "corn rows." On the basis of this information, surveillance was set up in the parking lot of the motel, located at 5353 Westbank Expressway.
Agent Meetze testified that he and other officers watched the premises for thirty to forty-five minutes before a car meeting the description entered the parking lot. The car's driver was a white man, and there were two black male passengers both fitting the descriptions given. The car stopped in the parking lot, and it appeared to Agent Meetze that the driver intended to drop off the passengers. Agent Meetze and the assisting agents, who were wearing raid jackets, badges and guns, approached the men for questioning.
The officers moved in as the front seat passenger, Shannon Brown (defendant), and the rear seat passenger, Ronald Barnes, exited the car. They did not attempt to flee. Agent Meetze discovered a plastic bag on the ground near the passenger side of the car. It contained white powder and some rocks of crack cocaine. After retrieving the bag, Agent Meetze placed the men, including the driver, under arrest. He then searched the inside of the Thunderbird and recovered $1,454.00 in cash from the floorboard in the front passenger area of the car.
Agent Dennis Lynch testified at trial that he searched defendant incident to arrest. Defendant wore cargo style pants with several pockets. In one pocket, Lynch found two aluminum foil packets containing an off-white powder substance. In other pockets, Lynch found off-white rocks. Three syringes, a two-dollar bill, and a packet of Kool-Aide brand pink lemonade mix were also recovered.
Agent Meetze testified that he advised defendant of his Miranda[1] rights, and that he had defendant complete and sign a rights of arrestee form. Defendant then agreed to waive his rights and answer questions. He did not, however, allow the officer to tape record his statements. Defendant told Agent Meetze that he and Ronald Barnes had asked the driver, Perrin, to give them a ride and that Perrin had no knowledge of the drugs or the money. Agent Meetze also testified that defendant admitted the drugs belonged to him. Perrin was released based on defendant's statement.
The State and the defense stipulated that the evidence seized by the officers tested positive for cocaine and heroin.
*48 The defendant presented no evidence. At the conclusion of the trial, the jury found the defendant guilty of possession of heroin and possession of cocaine by a unanimous verdict. The State filed a multiple offender bill against the defendant. After withdrawing his initial plea of not guilty, the defendant pled guilty to being a third felony offender. In accordance with the multiple bill plea, the defendant was sentenced to 15 years at hard labor.

LAW AND DISCUSSION:
Just prior to the beginning of trial, the trial court denied defendant's Motion to Suppress after hearing arguments and testimony related to the motion. On appeal, the defendant contends the trial court erred in denying the Motion to Suppress the evidence. Defendant complains that the narcotics evidence should have been suppressed at trial because the officers made an investigatory stop that was not based upon reasonable suspicion of criminal activity, and because the officers searched him incident to an arrest that was not supported by probable cause. Specifically, defendant argues that the officers' investigation hinged upon a tip from an informant of unproven reliability.
The Fourth Amendment to the United States Constitution and Article I, § V of the Louisiana Constitution protect individuals from unreasonable searches and seizures. But law enforcement officers are authorized by LSA-C.Cr.P. art. 215.1, as well as by State and federal jurisprudence, to stop and interrogate persons whom they reasonably suspect of engaging in criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). "Reasonable suspicion" is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Tovar, 03-513, p. 5 (La.App. 5 Cir. 10/15/03), 860 So.2d 51, 54.
The State has the burden, in a hearing on a Motion to Suppress evidence, of establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). The trial court's denial of a Motion to Suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Butler, 01-0907, p. 6 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 124. In determining whether the trial court's ruling on a defendant's Motion to Suppress is correct, the appellate court is not limited to the evidence adduced at the suppression hearing; it may also consider the evidence presented at trial. Butler, 01-907 at p. 7, 812 So.2d at 124.
At the suppression hearing, Agent Meetze testified that Chris Morris of the Westwego Police Department's Narcotics Division contacted him on June 26, 2002. Morris said he had learned, through an informant, of two black men who were in possession of crack cocaine and a large amount of money. The informant told Morris that the two men would be in an orange or rust-colored Thunderbird, and that they were staying at the Siesta Motel on the Westbank Expressway in Marrero. Although the names of the subjects were not given, a description of their clothing and hairstyle was given.
Based on this information, he and other officers set up surveillance in the motel's parking lot. Agent Meetze testified that a car meeting Morris' description entered the parking lot a short time later and stopped. Two black men, fitting the descriptions *49 given were passengers in the vehicle. The driver of the car was a white man.
The officers approached the car as the passengers, later identified as defendant and Ronald Barnes exited the vehicle on the passenger side. Upon nearing the subjects, Agent Meetze immediately saw a clear plastic bag on the ground near the car's passenger side. The bag contained what appeared to be crack cocaine. It was at that point that the officers placed defendant and his companions under arrest. In searching defendant's person incident to arrest, Agent Lynch recovered more cocaine and some packets of heroin.
Defendant asserts that the evidence was seized during an investigatory stop that lacked reasonable suspicion. He argues that the State relied on an informant who was unknown and untested, and whose information was not predictive of his (defendant's) actions. An informant's tip can provide a police officer with reasonable suspicion to detain and question a suspect. An unverified tip alone, however, may not suffice to establish reasonable suspicion for the stop. State v. Cooley, 03-418, p. 11 (La.App. 5 Cir. 9/30/03), 857 So.2d 1209, 1216, writ denied, 03-3107 (La.3/12/04), 869 So.2d 818. The informant's reliability would be of concern had the evidence actually been seized as part of an investigatory stop. Defendant's argument is, however, misplaced.
It was not the officers, but the car's driver who brought the vehicle to a stop, apparently for the purpose of dropping off defendant and Ronald Barnes at the motel. Agent Meetze testified that defendant and Ronald Barnes were aware of the officers' presence when they exited the Thunderbird. The officers did not order defendant to get out of the car; he did so of his own accord. The officers were well within their authority in approaching defendant. The Louisiana Supreme Court has said,
[p]olice officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to con-verse with or approach a citizen. As long as the person remains free to disregard the encounter and walk away, there has been no intrusion upon the person's liberty or privacy which would require some particularized and objective justification under the fourth amendment.
State v. Belton, 441 So.2d at 1199 (citations omitted). See also, State v. Jackson, 00-3083, pp. 2-3 (La.3/15/02), 824 So.2d 1124, 1126 (per curiam).
The officers approached the car with the intention of questioning the occupants. The officers did not arrest defendant until after they recovered the bag of cocaine from the ground. The bag of cocaine gave the officers probable cause to arrest defendant.
Agent Meetze did not seize the bag of cocaine from defendant's person; it was abandoned. When an individual abandons property without any prior unlawful intrusion into the person's right to be free from governmental interference, that property may be lawfully seized and used in a resulting prosecution. State v. Jackson, 00-3083 at p. 4, 824 So.2d at 1126; State v. Fairley, 02-170, p. 5 (La.App. 5 Cir. 6/26/02), 822 So.2d 818, 820, writ denied, 03-1427 (La.4/23/04), 870 So.2d 290. An individual is not "seized" within the meaning of the Fourth Amendment until that individual either submits to a police show of authority or is physically contacted by police. California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). The Louisiana Supreme Court adopted the Hodari D. definition of an "actual stop" in State v. Tucker, 626 So.2d *50 707, 712 (La.1993). Because the Louisiana Constitution affords greater protection than does the federal constitution, a "seizure" also occurs when an "actual stop" of the individual is "imminent." State v. Tucker, supra.
The Tucker court explained that "[i]t is only when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain, that an `actual stop' of the individual is `imminent.'" Id. (emphasis as found in the original). Factors to consider in determining whether an actual stop is imminent are:
(1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4)whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter.
State v. Tucker, 626 So.2d at 712-713. See also, State v. Massey, 03-1166, pp. 9-10 (La.App. 5 Cir. 1/27/04), 866 So.2d 965, 971.
In the instant case, the officers were in the parking lot when the defendant exited the car. The officers were identifiable as police by their garb, badges, and guns. There was no testimony, however, that the officers had their guns drawn when they approached defendant. While there was more than one officer at the scene, defendant was not surrounded by police. The officers were on foot when they approached defendant. The encounter took place in a motel parking lot, a place where the officers were entitled to be.
Once the officers placed defendant under arrest, they had the authority to search him. One of the valid exceptions to the warrant requirement is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Davis, 02-1008, p. 9 (La.App. 5 Cir. 2/25/03), 841 So.2d 952, 960, writ denied, 03-0948 (La.11/7/03), 857 So.2d 516. Defendant argues his arrest was not lawful, as it was not supported by probable cause. He points out that the officers did not see who dropped the bag of contraband on the ground.
Agent Meetze, the officer who located the bag, testified that he did not know who put it on the ground. Agent Lynch also testified that he did not see who dropped the bag. But Agent Meetze testified he could see the area while conducting surveillance, and that the bag was not there prior to defendant's arrival. Agent Meetze approached the Thunderbird just after it stopped and immediately saw the bag. From that testimony, it is reasonable to infer that defendant or one of his companions dropped the bag of cocaine. Hence, we find defendant's arrest was lawful, and the drug evidence recovered from his pockets was validly seized.
Accordingly, we see no error in the trial court's denial of defendant's Motion to Suppress the evidence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
There is nothing in the record to indicate that defendant was advised of the two-year prescriptive period for filing an Application for Post-Conviction Relief, as is required by LSA-C.Cr.P. art. 930.8. *51 Therefore, this matter is remanded to the trial court and the trial court is ordered to provide defendant with written notice of the two-year prescriptive period, and to file written proof of said notice in the record. State v. Lee, 02-0704, pp. 10-11 (La.App. 5 Cir. 12/30/02), 836 So.2d 589, 596, writ denied, 03-535 (La.10/17/03), 855 So.2d 755.
For the foregoing reasons the defendant's convictions are affirmed and this matter is remanded to the trial court for the limited purpose of informing the defendant of the time period for seeking post-conviction relief.
CONVICTIONS AFFIRMED; MATTER REMANDED.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).