968 So.2d 755 (2007)
STATE of Louisiana
v.
Jeremy SIMMONS.
No. 07-KA-285.
Court of Appeal of Louisiana, Fifth Circuit.
September 25, 2007.
*757 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Juliet Clark, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
On July 14, 2006, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Jeremy Simmons, with possession of cocaine in violation of LSA-R.S. 40:967(C). At his arraignment, defendant pled not guilty. On December 1, 2006, the trial court heard and denied defendant's motion to suppress evidence. Thereafter, defendant withdrew his former plea of not guilty and pled guilty as charged, reserving his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). In accordance with the plea agreement, the trial court sentenced defendant to two years at hard labor, then suspended the sentence, and placed defendant on two years active probation, subject to various conditions. Defendant now appeals, challenging the trial court's denial of his motion to suppress.
On June 21, 2006, at approximately 11:50 p.m., Deputy Harley Smith of the Jefferson Parish Sheriff's Department was patrolling an area in Terrytown that was known as a high crime, drug trafficking area. At the time, Deputy Smith was in uniform, traveling in a marked police unit, and accompanied by Sergeant Rabb, another member of the Jefferson Parish Sheriff's Office. As Deputy Smith was on patrol, he observed defendant walking on Gary Court.[1] At the suppression hearing, Officer Smith testified about defendant's actions upon seeing the marked police unit. According to Deputy Smith, defendant, upon observing the officers, started walking away very rapidly, repeatedly looking over his shoulder in a nervous manner. Subsequently, Deputy Smith and his partner exited their vehicle in order to investigate. As they approached, Deputy Smith observed defendant place his left hand in his left pocket and immediately toss, approximately two feet away, four rocks that were consistent with crack cocaine. After retrieving the narcotics, Deputy Smith advised defendant to put his hands on top of the parked vehicle. Deputy Smith conducted a pat down of defendant's outer clothing, at which time he noticed that defendant's left hand was clenched in a fist. He told defendant to open his hands. Defendant complied and placed four more off-white rock like substances on the hood of the vehicle that were consistent with crack cocaine.
*758 After considering the evidence presented at the hearing, the trial judge denied defendant's motion to suppress. Defendant now challenges this ruling. On appeal, defendant argues that the trial court erred in denying his motion to suppress because the evidence was illegally retrieved during a stop that occurred without any reasonable suspicion of criminal activity. He claims that the illegal stop caused him to discard the crack cocaine, and led to the subsequent retrieval of the additional crack cocaine from his fist. For the reasons that follow, we find no merit to defendant's arguments.
The State has the burden, in a hearing on a motion to suppress evidence, of establishing the admissibility of evidence seized without a warrant. A trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. LSA-C.Cr.P. art. 703(D), State v. Brown, 04-882 (La.App. 5 Cir. 12/14/04), 892 So.2d 45, 48, writ denied, 05-1274 (La.4/28/06), 927 So.2d 278.
The exclusionary rule bars, as illegal fruit, physical and verbal evidence obtained either during or as a direct result of an unlawful invasion. Wong Sun v. U.S., 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). However, if an individual abandons or otherwise disposes of property prior to any unlawful intrusion, then the property may be lawfully seized and used in the resulting prosecution. State v. Butler, 01-907 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 127.
The crucial question, in this case, is whether defendant was unlawfully seized prior to his discarding of the contraband. A person is not "seized" within the meaning of the Fourth Amendment until that person either submits to a police show of authority or is physically contacted by the police. California v. Hodari D., 499 U.S. 621, 625, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991). The Louisiana Supreme Court adopted the Hodari D. definition of an "actual stop" in State v. Tucker, 626 So.2d 707, 712 (La.1993). Because the Louisiana Constitution affords greater protection than does the federal constitution, a "seizure" also occurs when an "actual stop" of the individual is "imminent." State v. Tucker, supra; State v. Brown, 892 So.2d at 49-50.
An actual stop is imminent "only when the police come upon an individual with such force that, regardless of the individual's attempts to flee or elude the encounter, an actual stop of the individual is virtually certain. . . ." State v. Tucker, 626 So.2d at 712; State v. Mitchell, 04-136 (La.App. 5 Cir. 6/29/04), 877 So.2d 1151, 1155. The factors to consider in determining whether an actual stop is imminent are the proximity of the police in relation to the defendant at the outset of the encounter, whether the person has been surrounded by the police, whether the police approached the individual with their weapons drawn, whether the police and/or the individual are on foot or in motorized vehicles during the encounter, the location and characteristics of the area where the encounter takes place, and the number of police officers involved in the encounter. State v. Tucker, 626 So.2d at 712-713; State v. Brown, 892 So.2d at 50.
In State v. Burns, 04-175 (La.App. 5 Cir. 6/29/04), 877 So.2d 1073, a police officer was on patrol at night in a high crime area when he observed the defendant standing in the middle of the street. When the defendant noticed the unmarked unit as a "police presence," he made eye contact with the officer, and started to walk away toward the residence while looking back at the officers. When the *759 officer exited the vehicle, the defendant began to run toward the residence. The defendant discarded the contraband before the officer made physical contact with him. This Court found that there was no unlawful intrusion and any property abandoned by the defendant was lawfully seized. State v. Burns, 877 So.2d at 1077-1078.
Likewise, in the present case, defendant was not actually stopped at the time he abandoned the first four rocks of crack cocaine. At the suppression hearing, Officer Smith testified that after observing certain actions by defendant, he decided to stop the police unit and investigate. As Officer Smith and his partner exited their vehicle and approached defendant, he discarded the drugs. The testimony at the suppression hearing did not indicate that the officers had any physical contact with defendant, or even spoke to him, before he discarded the cocaine.
Moreover, we cannot find that an actual stop was imminent. There is nothing in the record which indicates that the police came upon defendant with such force that regardless of his attempts to flee, an actual stop was virtually certain. Therefore, since defendant discarded the cocaine prior to any unlawful intrusion, the seized drugs could be used against him in a resulting prosecution.
Once the initial four rocks of crack cocaine were lawfully seized, the officers clearly had probable cause to arrest defendant.[2] Therefore, the seizure of the remaining rocks was justified as a search incident to a lawful arrest. See, State v. Sherman, 05-779 (La.4/4/06), 931 So.2d 286.
Based on the foregoing discussion, and in light of the applicable jurisprudence, we find no error in the trial court's denial of defendant's motion to suppress evidence.
We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Accordingly, we affirm defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] On cross-examination, Deputy Smith noted that this incident occurred in the 1600 block of Gary Court, and that defendant provided an address of 1636 Gary Court following his arrest.
[2] Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing the person to be arrested has committed a crime. State v. Doussan, 05-586 (La.App. 5 Cir. 2/14/06), 924 So.2d 333, 339, writ denied, 06-0608 (La.10/13/06), 939 So.2d 372.