FREDERICKA HOMBERG WICKER, Judge.
| ¡¿Defendant, Steve Johnson, appeals his conviction and sentence on a charge of unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. For the reasons that follow, we affirm.
On February 18, 2005, the Jefferson Parish District Attorney charged the defendant by bill of information with unauthorized use of a motor vehicle.[1] After a trial on August 11, 2005, a six-person jury found the defendant guilty as charged. The trial court sentenced him to 10 years at hard labor.
The State subsequently filed a habitual offender bill of information, alleging the defendant to be a third felony offender. The defendant stipulated to his status as a third felony offender. In accordance with a plea agreement, the trial court vacated the original sentence and imposed an enhanced sentence of 16 years at hard labor.
| sAt approximately 7:00 a.m. on February 2, 2005, Tahesha Parker left her home to find that a green 1992 Buick LaSabre automobile, loaned to her by Samuel Murray, was missing from the parking lot of her Marrero apartment complex.
Deputy Greg Joerger testified that later that day, he was on routine patrol in a marked police unit when he spotted the Buick stopped at a traffic light at the corner of Manhattan Boulevard and the Westbank Expressway. When Joerger pulled up next to the vehicle, he saw that the passenger side rear window was broken. He testified that type of damage is common in car theft cases. The officer ran the vehicle’s license plate number through the police computer and learned the car had been reported stolen that morning. He attempted to make a traffic stop by activating his lights and siren, but the driver, later identified as defendant, ran the red light and drove across the expressway. The defendant’s escape route was blocked by traffic, so he exited the vehicle and ran into a nearby house. Joer- *697 ger testified he pursued defendant and apprehended him within two minutes. The officer observed that the vehicle’s steering column was broken and there was no key in the ignition, a further indication that the car was stolen.
Mr. Murray, the vehicle’s owner, was notified his car had been located. When he retrieved it, he found the back window was “busted out,” the steering column was “messed all up,” and the molding around the window was damaged. He testified the car was not damaged when he loaned it to Ms. Perkins. Ms. Perkins testified the damage was not present when she last parked the car.
Mr. Murray testified he gave only Ms. Perkins permission to use his car, and Ms. Perkins testified she did not give anyone permission to use the vehicle. Neither Mr. Murray nor Ms. Perkins knew defendant.
| ¿By his first assignment of error, the defendant complains the evidence was insufficient to support a conviction for unauthorized use of a motor vehicle, arguing the State failed to prove his identity as the perpetrator of the offense. He maintains that Deputy Joerger’s identification was unreliable under the criteria in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Defendant also challenges the reliability of Joerger’s in-court identification on grounds that he (defendant) was the only person sitting at the defense table.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
The defendant was convicted of unauthorized use of a motor vehicle in violation of LSA-R.S. 14:68.4(A), which provides in pertinent part:
Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
In addition to proving the statutory elements of the charged offense at trial, the State is required to prove the defendant’s identity as the perpetrator. State v. Ingram, 04-551 (La.App. 5 Cir. 10/26/04), 888 So.2d 923, 926.
The defendant does not contend that the State failed to establish one of the essential statutory elements of unauthorized use. He argues only that the State failed to prove his identity as the offender. Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Id. Positive identification by a single witness is sufficient to support a conviction. State v. Lewis, 05-170 (La.App. 5 Cir. 11/29/05), 917 So.2d 583, 591, writ denied, 06-0757 (La.12/15/06), 944 So.2d 1277.
In Manson v. Brathwaite, supra, the United States Supreme Court set forth five factors relevant to assessing the reliability of an identification and its admissibility: (1) the witness’ opportunity to view the criminal at the time of the crime, (2) the witness’ degree of attention, (3) the accuracy of his prior description of the criminal, (4) the level of certainty demonstrated at the confrontation, and (5) the time between the crime and the confrontation. Id., 432 U.S. at 114, 97 S.Ct. at 2253. This case does not involve the reliability of *698 an out-of-court identification. The only-identification of defendant as the perpetrator was the one Deputy Joerger made in court, to which defendant did not object.
The defendant argues Joerger’s identification was unreliable because of his limited view of the perpetrator and the fact that he did not describe the perpetrator’s clothing or physical characteristics. We disagree. Joerger testified he stopped next to the Buick at a red traffic light. He said he observed two men in the vehicle, and identified the defendant as the driver. The officer explained that as he attempted to stop the vehicle, the defendant drove through the red light, bailed out of the car, and fled into a house. He testified that he apprehended “them” two to three minutes later.
Joerger unequivocally identified the defendant in court as the person who was sitting behind the wheel of the stolen car. There were no internal contradictions or irreconcilable conflicts with the identification evidence. Contrary to defendant’s suggestion, there was no evidence that Joerger had a limited view of the car’s driver. The officer testified that he pulled alongside the vehicle the defendant was driving, gave chase to the defendant after he fled, and apprehended | (¡him almost immediately. The jury apparently found Joerger’s trial testimony to be credible.
The credibility of a witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient support for the requisite factual findings. State v. Searls, 04-790 (La.App. 5 Cir. 1/25/05), 895 So.2d 40, 44. It is the fact finder’s function to determine the weight of the evidence bearing on the defendant’s identification. It is not the function of the appellate court to reweigh the evidence or reevaluate the credibility choices made by the trier of fact. Id., at 45.
We find no merit in the defendant’s argument that Deputy Joerger’s in-court identification was unreliable because the defendant was the only person sitting next to defense counsel at the defense table. In State v. Johnson, 343 So.2d 155 (La.1977), the Louisiana Supreme Court found a similar in-court identification was not unduly suggestive. The Johnson court reasoned that the mere fact that the defendant was conspicuously seated at the defense table at trial at the time the witness identified him did not suggest that he was guilty of the crime, only that he was charged with its commission. The court further found that counsel’s right to cross-examine the witness was sufficient to remedy any suggestiveness inherent in the in-court identification process.
See also, State v. Jacobs, 04-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, writ denied, 05-2072 (La.4/28/06), 927 So.2d 282, cert. denied, — U.S. -, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006), in which this Court found a witness’ in-court identification of the defendant was not unduly suggestive despite the fact the victim was robbed by two black men, and the defendant was dressed in prison 17attire, seated next to the defense counsel, and was the only black man in the courtroom. This Court noted defense counsel questioned the witness extensively about his identification.
In the instant case, the defendant’s counsel did not cross-examine Deputy Joerger. But this fact does not render the in-court identification suggestive, and thus unreliable. Counsel was given the opportunity to cross-examine the officer regard *699 ing his identification, but simply chose not to.
We find that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found, beyond a reasonable doubt, that the evidence was sufficient to support the conviction and that the defendant was the perpetrator of the crime. The defendant’s first assignment of error has no merit.
In his second assignment or error, the defendant moves this Court to review the record for errors patent. We note that this Court routinely reviews the record for errors patent regardless of whether the defendant explicitly requests it. La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). In this case we find no errors that require corrective action.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED.

. Timothy Smith, who is not part of this appeal, was charged as a co-defendant.