STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


08-1399
Consolidated with
09-169


STATE OF LOUISIANA

VERSUS

DESMOND KEITH SENEGAL


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO: 112572; CR120550
HONORABLE BYRON HEBERT,  PRESIDING
**********


SYLVIA R. COOKS
JUDGE


**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED IN PART, REVERSED IN PART.  SENTENCE VACATED IN PART AND ORIGINAL TEN-YEAR SENTENCE REINSTATED**

**Louisiana Appellate Project**
**Mark O. Foster**
**P.O. Box 2057**
**Natchitoches, LA 71457**
**COUNSEL FOR DEFENDANT/APPELLANT**
**(318) 572-5693**

**Cynthia K. Simon, Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA 70502**
**COUNSEL FOR STATE OF LOUISIANA/APPELLEE**
**(337) 232-5170**

**COOKS, Judge**.

## FACTS

On the afternoon of September 15, 2006, three separate patrol units were dispatched to the Royal Inn in Lafayette, Louisiana in response to a report of an armed robbery in progress. The first officer to arrive on the scene, Sergeant Richard Reese, spotted Desmond Keith Senegal (Defendant) walking on a sidewalk between the hotel rooms. He testified Defendant matched the description of the armed robber. When Defendant spotted the patrol unit he began to walk faster. Reese responded by accelerating his vehicle in the direction of Defendant. The two simultaneously reached a breeze way. Reese testified at trial he saw Defendant toss what appeared to be a handgun in the breeze way and attempt to escape.

Detective Robin Starring and Officer Jared Brown arrived within moments and saw Defendant running through the breeze way toward a hurricane fence. Starring pursued Defendant on foot. Defendant climbed over the fence, at which time Starring observed an object fall from Defendant's pocket. Defendant proceeded to run through the parking lot but was apprehended by Brown. Starring and Brown handcuffed Defendant, and Reese told him he was being arrested for armed robbery whereupon he declared he had not robbed anyone but was a drug dealer.

Defendant was placed under arrest and searched for weapons. During the pat-down search, Officers Starring and Brown found $743.00 in cash on Defendant's person. They also retrieved a clear cellophane bag containing rock cocaine from the area where Defendant went over the fence. Officer Brown additionally recovered a .22 caliber revolver found in the breeze way after a witness pointed out the gun to the officer.

1

Defendant was charged with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95, and with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. During the trial the State agreed not to multiple bill Defendant on the charge of possession with intent to distribute cocaine in exchange for Defendant's stipulation of fact regarding his prior conviction for armed robbery in 2005. Further, the State noted on the record it could not multi-bill Defendant on the charge of possession of a firearm by a convicted felon.

Subsequently Defendant filed a Motion To Suppress Inculpatory Statements, which motion was denied. He also filed a Motion *In Limine* to limit use at trial of statements regarding an alleged armed robbery for which the officers were initially called to the scene of Defendant's arrest. The trial court granted the Motion *In Limine* in part, barring reference at trial to the Defendant being an alleged perpetrator of the armed robbery.

The jury found Defendant guilty of possession of a firearm by a convicted felon for which he was sentenced to serve fifteen years at hard labor, without benefit of probation, parole or suspension of sentence. The trial court additionally imposed a fine of $1,000.00 which was suspended. Defendant was also convicted of possession of cocaine with intent to distribute for which he was sentenced to serve ten years at hard labor, two years to be served without benefit of probation, parole or suspension of sentence. The court ordered the sentences to run consecutively. Defendant filed a Motion To Reconsider Sentences arguing the sentences were excessive and that imposition of consecutive sentences was excessive. The motion was denied as to excessiveness of the sentences, however, the court ordered the sentences imposed run concurrently. Subsequently, despite the previous agreement of record, the State charged Defendant as a third felony offender, a violation of

2

La.R.S. 15:529.1. Following a habitual offender hearing, Defendant's sentence for possession of cocaine with intent to distribute was vacated and Defendant was sentenced to life in prison. Defendant's oral motion to reconsider that sentence was denied. Defendant appealed his convictions, the denial of his Motion To Suppress and Motion *In Limine*, under this Court's docket number 08-1399 and his adjudication and sentence as an habitual offender under docket number 09-169. The State concedes it mistakenly proceeded with the habitual offender hearing in breach of its agreement not to multi-bill Defendant.

**ANALYSIS**

Considering the State's admission that it agreed not to multiple bill Defendant, we find the trial court committed reversible error in sentencing Defendant to life in prison as an habitual offender. Defendant's sentence to life in prison must be reversed and vacated and the original sentence of ten years at hard labor, two years to be served without benefit of probation, parole or suspension of sentence, on the charge of possession of cocaine with intent to distribute is reinstated.

Defendant alleges the evidence was insufficient to convict him because the state failed to properly identify Defendant in court. The State is required to prove the Defendant's identity, as the perpetrator of the charged offense, in court. *State v. Ingram*, 04-551 (La. App. 5 Cir. 10/26/04), 888 So.2d 923, 926.

> Where the key issue is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. Positive identification by only one witness is sufficient to support a conviction.

*State v. Weaver*, 05-169 (La. App. 5 Cir. 11/29/05), 917 So.2d 600, 608.

Although the tate failed to ask each witness to specifically identify Defendant in court, as being the same person arrested and observed by the officers pursuing him at the scene, the State did prove Defendant's identity as the perpetrator

3

of the charged offenses. Starring testified when she arrived at the Royal Inn she spotted Defendant, pointing to Mr. Senegal in court, running through the breeze way toward the hurricane fence. She further testified that the Defendant in court was the person she saw climbing the fence to escape capture, and from whose pocket an object fell, which was later identified as rock cocaine. She identified him as the person apprehended in the parking lot at the Royal Inn by Officer Brown and herself. Starring also testified she informed Defendant of his *Miranda* rights. She additionally testified she recovered a cellophane bag containing rock cocaine on the ground where Defendant climbed over a fence during the police pursuit of him.

Brown also identified Defendant as the same person apprehended at the Royal Inn. He noted Defendant's hair was a little shorter at the time and was not in braids but confirmed Defendant was the suspect apprehended at the Royal Inn on the date alleged. Reese was not asked to make an in-court identification of Defendant but he did testify the suspect at the scene discarded a gun and told him he had not robbed anyone but was a drug dealer. Mr. Milton Stults, the maintenance man at the Royal Inn, testified he saw the suspect throw down a gun in the breeze way while being chased by the police. He testified the person arrested at the scene was the same person he saw running through the breeze way. Mr. Stults was not asked to specifically make an in-court identification of Defendant, however; his testimony as a whole indicates Defendant is the same person who Mr. Stults and Sergeant Reese saw toss the gun which both witnesses identified as the gun thrown down and retrieved at the scene and introduced in evidence at trial. We find the State negated any reasonable probability of misidentification of Defendant beyond a reasonable doubt.

Defendant alleges as error the trial court's denial of his Motion To Suppress

4

his statement admitting he was not a robber but was a drug dealer. We find the trial court correctly concluded that this statement was admissible because it was a voluntary, unsolicited statement. Defendant's inculpatory statement in this case is similar to the defendant's statement in *State v. Castillo*, 389 So.2d 1307 (La. 1980), *cert. denied*, 453 U.S. 922, 101 S. Ct. 3159 (1981). In *Castillo*, defendant made an inculpatory statement confessing to rape prior to being advised of his *Miranda* rights. The officer in *Castillo* questioned the defendant about the location of his car keys. The officer did not question the defendant in *Castillo* about the offense for which he was charged, nevertheless, the defendant admitted during questioning to raping the victim. The court held questioning the defendant about the location of his car keys could not have reasonably been expected to elicit an incriminating response about the charged offense. Thus the inculpatory statement was admissible because it was the unforeseeable result of police conduct and not the product of any police interrogation. *Id*. In this case, the officer did not ask Defendant any questions, but merely informed him of the charge for which he was being arrested. Defendant's voluntary and unsolicited response that he was a drug dealer not a robber was not in response to any interrogation. His *Miranda* rights, therefore, were not violated.

Defendant next argues the trial court erred in partially denying his Motion *In Limine* and allowing the State to introduce police reports and testimony regarding the fact that officers were summoned to the scene to investigate an armed robbery in progress. The trial court allowed testimony that Defendant was arrested for armed robbery but admonished the jury this charge was refused by the District Attorney and no bill of information was rendered or filed against Defendant for armed robbery. The trial court allowed the State to present testimony to establish the fact that when Defendant was told he was being arrested for armed robbery he made an unsolicited

5

statement that he was not a robber, he was a drug dealer. The trial court ruled his statement, as well as the context in which it was made, was admissible. As we have stated above, the voluntary, unsolicited inculpatory statement is admissible. It follows then it was necessary for the jury to weigh and understand the State's evidence that Defendant voluntarily admitted, when arrested for armed robbery, he was in fact a drug dealer. The sequence of events which caused the officers to chase Defendant, and then to observe him drop a packet of drugs, and a gun, were relevant and admissible to explain the officer's decision to pursue Defendant. As our state supreme court has held:

> The *res gestae* doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. *State v. Huizar*, 414 So.2d 741, 748 (La. 1982); *State v. Kimble*, 407 So.2d 693, 698 (La. 1981). In addition, as this court recently observed, integral act (*res gestae*) evidence in Louisiana incorporates a rule of narrative completeness without which the state's case would lose its "narrative momentum and cohesiveness, 'with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.'" *Coomb*, 747 So.2d at 1076 (quoting *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L.Ed.2d 574 (1997)).

*State v. Taylor*, 01-1638 (La. 1/14/03), 838 SO.2d 729, 741-42, *cert denied*, 540 U.S. 1103, 124 S.Ct. 1036 (2004).

The actions of the trial court in partially granting the Motion *In Limine* and partially denying the motion was an appropriate application of the law to the facts of the case. We find no error in the ruling of the trial court on the Motion *In Limine*.

**AFFIRMED IN PART, REVERSED IN PART. SENTENCE VACATED IN PART AND ORIGINAL TEN-YEAR SENTENCE REINSTATED**